UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASSOCIATED ENERGY GROUP, LLC, § § § | |
| PLAINTIFF, § § | |
| V. § | CASE NO. 21-3272 _____ |
| § § | |
| FLYBOSNIA D.O.O. AND § AERCAP HOLDINGS N.V., § § | |
| DEFENDANTS. § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§1441, 1446, and 1332, and Southern District of Texas Local Rule 81, Defendant AerCap Holdings N.V. ("AerCap") hereby removes this action from the 11th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and shows as follows:

## I.
## STATE COURT ACTION

1. On August 23, 2021, Plaintiff Associated Energy Group, LLC ("AEG") filed suit against Defendants in the 11th Judicial District Court of Harris County, Texas, in an action styled *Associated Energy Group, LLC v. FlyBosnia D.O.O., and AerCap Holdings N.V.*, in Cause Number 2021-52658 (the "State Court Action").

2. Plaintiff AEG, an aviation fuel supplier, is suing Defendant FlyBosnia for allegedly failing to pay more than $122,000 for aviation fuel supplied outside of the United States to two aircraft owned by Defendant AerCap. AEG asserts claims

for suit on a sworn account and for foreclosure of liens allegedly arising under the Texas Property Code §70.301, *et seq*. *See* Exhibit B, Certified Copy of Plaintiff's Original Petition, at ¶¶7–9, 19, and 27.

3. Defendant AerCap avers that AEG's claims against it are legally and factually groundless and specifically denies that it is, or ever was, the owner of either of the aircraft at issue and further denies the validity and enforceability of AEG's purported liens. AerCap also avers that this Court may not constitutionally exercise jurisdiction over its person.

## II.
## BASIS FOR REMOVAL

4. This action is properly removed to the Court because the State Court Action is pending within this District and Division. 28 U.S.C. §1441(a).

5. This Court has jurisdiction over the subject matter of the State Court Action based on diversity jurisdiction. 28 U.S.C. §1332.

6. There is complete diversity of the opposing parties. On information and belief, Plaintiff is a Texas limited liability company with its principal place of business in Houston, Harris County, Texas. *See* Ex. B, Pl.'s Orig. Pet. at ¶ 1; *see also*, *Assoc. Energy Group, LLC v. Air Cargo Germany GMBH*, 24 F.Supp.3d 602, 604 (S.D. Tex. 2014). All of Plaintiff's Members are reported to be United States corporations (two Nevada, one Florida, and one Texas) according to its current Certificate of Formation on file with the Texas Secretary of State, attached hereto as Exhibit D.

7. Defendant AerCap Holdings N.V. is a Netherlands public limited liability company with its principal place of business in Dublin, Ireland.

8. On information and belief, Defendant FlyBosnia D.O.O. is a foreign (Bosnian) entity with its home office/principal place of business in Sarajevo, Bosnia. *See* Ex. B, Pl.'s Orig. Pet. at ¶ 3.

9. The amount in controversy, exclusive of interest and costs is $122,769.90 (*Id.* at ¶¶ 1 & 10), an amount exceeding the $75,000 minimum required by 28 U.S.C. §1332(a).

### III.
### PROCEDURAL REQUIREMENTS

10. AEG filed suit against Defendants AerCap and FlyBosnia on August 23, 2021. *See* Ex. B. AEG served the Texas Secretary of State as Defendant AerCap's alleged substitute agent for service of process on September 8, 2021, and AerCap received a copy of the process including Plaintiff's Original Petition by mail on September 27, 2021. *See id.* Accordingly, this removal is timely under 28 U.S.C. §1446(b) because AerCap filed this Notice of Removal less than thirty (30) days after its constructive and actual receipt of a copy of Plaintiff's Original Petition.

11. As the moving party, Defendant AerCap hereby consents to this removal.

12. Defendant FlyBosnia's consent to this removal is not required because, upon information and belief, FlyBosnia (1) has not been properly served with process pursuant to the Hague Convention, (2) has not been served at all with process by the Texas Secretary of State, and/or (3) substitute service of process

3

through the Texas Secretary of State is not yet complete, such that FlyBosnia has not yet been properly joined and served in these proceedings.

13. Consent to removal is required from "all defendants who have been properly joined and served. The consent requirements of §1446(b), however, do not apply to defendants who have not been served with process." *Owens v. TransUnion LLC*, 2021 WL 3087843 at *3 (E.D. Tex. June 2, 2021). Likewise, "a defendant who has not been properly served need not consent to removal." *McCain-Townley v. HSBC Bank USA, N.A.*, 2020 WL 8083838 at *1 (S.D. Tex. December 3, 2020).

14. AEG's attempts to effect service of process on Defendant FlyBosnia via the Texas Long-Arm Statute requires transmittal of the process documents abroad, triggering the application of the Hague Convention.[1] FlyBosnia is alleged to be a foreign entity with its home office/principal place of business in Sarajevo, Bosnia. *See* Ex. B, Pl's Orig. Pet. at ¶ 3. Bosnia-Herzegovina is a signatory to the Hague Convention for purposes of service of process on its citizens.[2] AEG's failure to comply with the service of process procedures required by the Hague Convention renders its attempted service on FlyBosnia through the Texas Secretary of State both insufficient and improper. *Sang Young Kim*, 909 F.Supp. at 479.

15. Additionally and alternatively, strict compliance with the requirements for a defendant to be amenable to substituted service via the Texas

---

[1] *See, e.g., Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 478–79 (S.D. Tex. 1995); *Brewer v. Suzuki Motor of America, Inc.*, 2015 WL 4433046 at *1 (S.D. Tex. July 17, 2015); and *Sheets v. Yamaha Motor Corp.*, 891 F.2d 533, 536–37 (5th Cir. 1990).

[2] *See*, U.S. Secretary of State – Bureau of Consular Affairs website, https://travel.state.gov/travel/en/legal/Judicial-Assistance-Country-Information/BosniaandHerzegovina showing same.

60212905;1

Secretary of State under the Texas Long-Arm Statute requires the record before this Court to reflect pleadings of all elements, including the statutory requirement that Plaintiff's claims must "arise out of the business done in the state" by that Defendant for such service to be valid.[3]

16.    That is particularly important in this case since the Texas Property Code provisions Plaintiff relies upon for creation of its alleged lien rights apply *only* when the aviation fuel is provided *in the state of Texas itself*. See *Westwind Acquisition Co. LLC v. Universal Weather and Aviation, Inc.*, 668 F.Supp.2d 749, 752–53 (E.D. Va. 2009) (invalidating liens under Texas Property Code §70.301 on these grounds).

17.    Here, Plaintiff's Original Petition alleges the other elements required by §17.044(b), but omits pleading that its claims "arise out of" fuel being provided to FlyBosnia in Texas. That is a fatal flaw. See *HKS*, 2007 WL 20779974 at *3; *Environmental Controls*, 1994 WL 60918 at *2–3; *Verges*, 642 S.W.2d at 821–22. Moreover, AEG cannot plead that necessary fact because, as the invoices attached as Exhibit A to its Original Petition show, *all* of the fueling services were done, if at all, *outside of the United States*.

18.    Additionally and alternatively, for service to be proper and complete via the Texas Secretary of State under the Texas Long-Arm Statute, the record

---

[3] *See*, TEX. CIV. PRAC. & REM. CODE ("CPRC") §17.044(b); *See*, also, *HKS Inc. v. Diamond Jaxx Properties, LLC*, 2007 WL 2079974 at *3 (N.D. Tex. July 10, 2002); *Environmental Control Labs, Inc. v. NDRC Laboratories*, 1994 WL 60918 at **2–3 (Tex. App.—Dallas, February 28, 1994, no writ), and *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 821–22 (Tex. App.—Dallas 1982, no writ).

60212905;1

before this Court must show (1) that the Texas Secretary of State has actually mailed the process documents abroad to the Defendant, and (2) that the Defendant actually received those documents; otherwise, the Defendant will not have been given any notice whatsoever of these proceedings. *See* CPRC §17.045(a); *Whitney v. L&L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973) ("A showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the Court over the defendants' persons. This was not shown, and hence no jurisdiction was acquired over the defendants."); *Harper Macleod Solicitors v. Keaty & Keaty*, 2000 WL 297694 at *3 (E.D. La. March 20, 2000) ("There must be proof in the record that the defendant was in fact served in the manner required by the statute [CPRC §17.045(a)]").

19. Here, there is no proof in the record that (1) the Texas Secretary of State ever sent the process documents to Defendant FlyBosnia in Bosnia, or (2) that FlyBosnia actually received that process from the Texas Secretary of State. Such proof is done by a so-called Whitney Certificate from the Texas Secretary of State's office, which does not exist here. *MG International Menswear, Inc. v. Robert Graham Designs, Inc.*, 2019 WL 642724 at *2 and n. 3 (Tex. App.—Dallas Feb. 15, 2019, no pet.).

20. Plaintiffs failure to strictly comply with the requirements of the Texas Long-Arm statute renders service via the Secretary of State improper and incomplete. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649-50 (5th Cir. 1988); *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App.—

6

Dallas, 1992, no writ) ("There must be proof in the record of service of process on the defendant in the manner required by [the Long-Arm] statute. (citations omitted) . . . Failure to affirmatively show strict compliance with the provided mode of service makes the attempted service invalid and without effect.").

21. Simultaneous with the filing of this Notice of Removal, AerCap is filing copies of this Notice of Removal in the 11th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. §1446(d). AerCap will promptly give all appearing parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).

22. Also, simultaneous with the filing of this Notice of Removal, AerCap is filing its Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

23. Finally, AerCap gives notice to the Court that, pursuant to the Rule 11 Agreement with AEG attached hereto as Exhibit D, no answer or responsive pleading is due from AerCap until October 25, 2021.

24. Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. §1446(a), this Notice of Removal is accompanied by copies of the following:

    (a) An index of matters being filed, attached hereto as Exhibit A;

    (b) All executed process in this case (of which there are none properly done), all pleadings asserting causes of action, all orders signed by the state judge (of which there are none), and the docket sheet for the State Court Action, attached hereto collectively as Exhibit B; and

60212905;1

(c)     A list of all counsel of record, including addresses, telephone numbers and parties represented, attached hereto as Exhibit C.

## IV.
## NO JURY DEMAND

25.  No jury demand has been made by any party at this time.

## V.
## CONCLUSION

For these reasons, Defendant AerCap asks this Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Date: October 7, 2021               Respectfully submitted,

                                    **AKERMAN LLP**

                                    */s/ Bruce Stanfill*
                                    Wm. Bruce Stanfill
                                    Texas Bar No. 19034350
                                    Southern District Bar No. 8889
                                    bruce.stanfill@akerman.com
                                    1300 Post Oak Boulevard, Suite 2300
                                    Houston, Texas 77056
                                    Telephone: (713) 623-0887
                                    Facsimile: (713) 960-1527

                                    **ATTORNEY-IN-CHARGE FOR**
                                    **DEFENDANT AERCAP HOLDINGS N.V.**

OF COUNSEL:
Alexandra I. B. Ledyard
Texas Bar No. 24087903
Southern District Bar No. 221151
alexandra.ledyard@akerman.com
Xiliang "Jay" Zhang
Texas Bar No. 24110574
Southern District Bar No. 3365543
jay.zhang@akerman.com
Akerman LLP

60212905;1

1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## **CERTIFICATE OF SERVICE**

I certify I served this document on October 7, 2021 as follows:

    Robert J. Kruckmeyer
    244 Malone Street
    Houston, Texas 77007

*Via certified mail, return receipt requested*

                                        */s/ Alexandra Ledyard*
                                        Alexandra I. B. Ledyard